**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Prince Will ISU, a/k/a Bill Evans, Bob and Nnanna Princewill Isu,**
**Defendant–Appellant.**

**No. 07–50342.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2008.*

Filed Dec. 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ellyn M. Lindsay, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: BRUNETTI, SILVERMAN and BEA, Circuit Judges.

### MEMORANDUM **

Nnanna Princewill Isu appeals his sentence of 78 months' imprisonment for one count of mail fraud, in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the ruling as to the vulnerable victim enhancement, but vacate for resentencing for the reasons explained below. Because the parties are familiar with the facts, we recite them only as necessary.

At his sentencing hearing, Isu objected to the Presentence Report's loss calculation. The trial court, however, did not explicitly rule on this objection to the Presentence Report's factual finding, in violation of Federal Rule of Criminal Proce-

** This disposition is not appropriate for publication and is not precedent except as provid-

dure 32(i)(3)(B). Therefore, we vacate Isu's sentence and remand to the district court for resentencing. *See United States v. Saeteurn,* 504 F.3d 1175, 1178 (9th Cir. 2007).

Because the sentence is vacated based on Isu's objection to the loss calculation, we cannot address whether the district court erred by finding a loss of $488,123.91 or whether the district court correctly imposed a 78–month sentence.

Further, the district court did not commit clear error by applying the vulnerable victim enhancement to Isu's fraud of Pamela Johnson because Isu targeted Pamela Johnson a second time. *See United States v. Randall,* 162 F.3d 557, 560 (9th Cir.1998).

**AFFIRMED IN PART AND VACATED IN PART.**